FILED 20 NOV '25 16:12 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00467-IM** |
| v. | **INDICTMENT** |
| **ALEXANDRU TELESCU,** | **18 U.S.C. § 371** |
| ▉▉▉▉▉▉▉, | **18 U.S.C. § 1029(a)(2); (a)(4)** |
| **ANDY ROBERT PEROVICI aka** | **18 U.S.C. § 1029(b)(1); (b)(2)** |
| **Marius Dimulescu** | **18 U.S.C. § 1028A** |
| ▉▉▉▉▉▉▉▉▉ | **18 U.S.C. § 2** |
| **ARAMIS MANOLEA aka** | |
| **Manolea Aramis** | **Forfeiture Allegations** |
| ▉▉▉▉▉▉▉▉▉▉ | |
| ▉▉▉▉▉▉▉▉▉▉▉ | **UNDER SEAL** |
| **VASILICA MIHAI** | |
| **CRISTINA MANOLEA** | |
| **MARIA DENISA BACELAN** | |
| ▉▉▉▉▉; | |
| **Defendants.** | |

## THE GRAND JURY CHARGES:

## INTRODUCTORY ALLEGATIONS:

1.    An "access device" was any card, plate, code, account number, electronic serial number, personal identification number ("PIN"), or other means of account access that could be used, alone or in conjunction with another access device, to obtain money, goods, or services.

2.    An "unauthorized access device" was any access device that was lost, stolen, or obtained with intent to defraud.

3.    A "counterfeit access device" was any access device that is counterfeit, fictitious, altered, or forged (including identifiable components).

Indictment                                                                                    Page 1

4.    "Skimming" was a criminal activity where a device is installed on a point-of-sale payment terminal, ATM, or fuel pump to capture card information and PIN entries.

5.    "Device-making equipment" was any equipment, mechanism, or impression designed or primarily used for making an access device or counterfeit access device.

6.    "Means of identification" was any name or number usable to identify a specific individual, including unique electronic identifiers or an access device as defined in 18 U.S.C. § 1029(e).

7.    The U.S. Department of Agriculture administers the Supplemental Nutrition Assistance Program ("SNAP") through its Food and Nutrition Service ("FNS"). SNAP is a federally funded assistance program designed to help low-income individuals and families purchase food. In Oregon, SNAP public assistance benefits are loaded to an account that a qualified recipient accesses by means of an access card, similar to a debit or credit card, called the Oregon Electronic Benefit Transfer ("EBT") Card. This is also called an Oregon Trail Card. All states maintain SNAP programs that operate in a substantially similar manner.

8.    Temporary Assistance to Needy Families ("TANF") is a federally funded, state-run cash-assistance program for eligible families. TANF benefits are typically delivered via the same Oregon EBT card as SNAP benefits.

9.    Each EBT card has a unique EBT number that in encoded on the card. The recipient is also given a unique PIN as a security feature. When the EBT card is swiped at a point-of-sale register, the user selects EBT (as opposed to credit or debit), enters the PIN and the funds are electronically debited from the recipient's account and credited to the retailer's account.

## Count 1
### (Conspiracy to Defraud the United States)
### (18 U.S.C. § 371)

10.    Paragraphs 1-9 of this Indictment are hereby incorporated by reference as if fully stated herein.

## OBJECTS OF THE CONSPIRACY

11.    Beginning on an unknown date, but no later than on or about April 2025, and continuing to the present, within the District of Oregon and elsewhere, defendants, **ALEXANDRU TELESCU,** ▇▇▇▇▇▇▇▇▇▇ **, ANDY ROBERT PEROVICI,** ▇▇▇▇▇▇▇▇▇▇ **, ARAMIS MANOLEA,** ▇▇▇▇▇▇▇▇ **,** ▇▇▇▇▇▇▇▇ **,** ▇▇▇▇▇▇▇▇ **, VASILICA MIHAI, CRISTINA MANOLEA, MARIA DENISA BACELAN, and** ▇▇▇▇▇▇ ▇▇▇▇▇ **,** (collectively, **DEFENDANTS**), and others, known and unknown to the Grand Jury, knowingly combined, conspired, and agreed with each to commit the following offenses against the United States:

      a.    Access Device Fraud, in violation of Title 18, United States Code, Section 1029(a)(2).

      b.    Possession, Production, and Trafficking of Device-Making Equipment, in violation of Title 18, United States Code, Section 1029(a)(4).

## MANNER AND MEANS OF THE CONSPIRACY

12.    The objects of the conspiracy were carried out, in substance, as follows:

13.    One or more of the **DEFENDANTS** possessed skimming devices and electronic media containing EBT numbers from no later than August 11, 2025, through the present in the District of Oregon.

14.    One or more of the **DEFENDANTS** shared with each other and other co-conspirators, known and unknown to the Grand Jury, stolen EBT account information and PINs to unlawfully obtain items like infant formula and energy drinks with SNAP benefits that did not belong to the **DEFENDANTS.**

15.    One or more of the **DEFENDANTS** used stolen EBT account information and PINs to unlawfully obtain infant formula, energy drinks and other SNAP-eligible items at grocery

**Indictment**                                                                                             **Page 3**

stores in Oregon, Washington, and California through in-store purchases and on-line orders. The estimated value of the fraudulently obtained goods was in excess of $160,000 dollars.

16.    One or more of the **DEFENDANTS** and other co-conspirators known and unknown to the Grand Jury, rented vans and trucks to transport fraudulently obtained goods.

17.    One or more of the **DEFENDANTS** and other co-conspirators known and unknown to the Grand Jury, rented storage units to package and store fraudulently obtained goods.

18.    One or more of the **DEFENDANTS** collected infant formula, energy drinks, and other SNAP-eligible items unlawfully obtained by their co-conspirators and transported the fraudulently obtained goods to storage units in Salem, Oregon.

19.    One or more of the **DEFENDANTS** and other co-conspirators known and unknown to the Grand Jury, packaged unlawfully obtained infant formula, energy drinks and other SNAP-eligible goods in Salem, Oregon, for shipment to California.

20.    One or more of the **DEFENDANTS** and other co-conspirators known and unknown to the Grand Jury, arranged for the transportation of unlawfully obtained infant formula, energy drinks and other SNAP-eligible goods from storage units in the State of Oregon to the State of California.

## OVERT ACTS

21.    In furtherance of the conspiracy and to accomplish its objects, **DEFENDANTS** and their co-conspirators known and unknown to the Grand Jury committed or caused to be committed the following overt acts, among others, within the District of Oregon and elsewhere:

22.    On or about July 1, 2025, defendant ▮▮▮▮▮▮ withdrew TANF funds from 14 Oregon victims' accounts at a Wells Fargo Bank ATM, located at 1320 E McAndrews Road,

Medford, Oregon. The total amount of TANF money stolen during these transactions was approximately $3,780.

23.    On or about July 1, 2025, defendant ▮▮▮▮ and another unidentified co-conspirator, withdrew TANF funds from approximately 43 Oregon victims' accounts at U.S. Bank, 1242 Court Street, Medford, Oregon. The total amount of TANF money stolen during these transactions was approximately $22,568.72.

24.    From on or about July 4, 2025, through October 13, 2025, defendants **TELESCU** and **BACELAN**, and another unidentified co-conspirator, used a single Sam's Club account in California to conduct approximately 231 fraudulent SNAP transactions using Oregon victims' EBT accounts, as well as EBT accounts of victims from other states totaling approximately $102,000.

25.    On or about August 1, 2025, defendants **PEROVICI,** ▮▮▮▮ , and ▮▮ went to two separate 7-Eleven stores in Eugene, Oregon, and withdrew TANF Funds from three separate Oregon EBT card victim accounts. The total amount of TANF money stolen during these transactions was approximately $1,124.50.

26.    On or about August 11, 2025, defendant **PEROVICI** and defendant ▮▮▮▮ installed a skimming device at a retail store located at 10120 SW Capitol Highway, Portland, Oregon.

27.    On or about August 11, 2025, defendant **PEROVICI** and defendant ▮▮▮▮ installed a skimming device at a retail store located at 8725 SW Hall Blvd, Tigard, Oregon.

28.    On or about August 14, 2025, defendant **PEROVICI** and defendant ▮▮▮▮ installed a skimming device at a retail store located at 14951 SW Bangy Road, Lake Oswego, Oregon.

**Indictment**                                                                                                  **Page 5**

29.    On or about August 14, 2025, defendant **PEROVICI** and defendant ███████

installed a skimming device at a retail store located at 4397 Commercial St SE, Salem, Oregon.

30.    On or about September 1, 2025, defendant ██████ went to a Wells Fargo Bank

branch at 6785 SW Beaverton Hillsdale Highway, Portland, Oregon, and withdrew TANF funds

from an Oregon EBT account totaling approximately $350 in stolen funds.

31.    From on or about September 1, 2025, through September 3, 2025, defendant ████

used approximately 10 separate Colorado EBT accounts at retail stores in Oregon to steal

approximately $4,550 in stolen SNAP funds.

32.    From on or about September 1, 2025, through September 27, 2025, defendant ███

███████ used approximately 28 separate Oregon, Colorado, and Texas EBT accounts at retail

stores in Oregon to steal approximately $12,731 in SNAP funds.

33.    On or about September 1, 2025, defendant ████████ rented a storage unit at

Public Storage, 280 Lancaster Dr NE., Salem, Oregon, to collect unlawfully obtained infant

formula, energy drinks, and other SNAP-eligible goods.

34.    From on or about September 1, 2025, through September 8, 2025, defendant

**TELESCU** and defendant █████ used no less than 11 separate Colorado and Oregon EBT

accounts at retail stores in Oregon to steal approximately $10,428 in SNAP funds.

35.    On or about September 1, 2025, defendant ████████ rented a storage unit at

Public Storage, 4780 Liberty Rd S, Salem, Oregon, to collect unlawfully obtained infant formula,

energy drinks, and other SNAP-eligible goods.

36.    From on or about September 1, 2025, through September 4, 2025, defendant

████████ and defendant █████ used approximately 10 separate Colorado EBT accounts

in Oregon retail stores to steal approximately $7,361 in SNAP funds.

**Indictment**                                                                                  **Page 6**

37.    On or about September 1, 2025, defendant **PEROVICI** withdrew TANF funds from 10 Oregon victims' accounts at a BMO Bank ATM, located at 3180 SW Cedar Hills Blvd, Beaverton, Oregon. The total amount of TANF money stolen during these transactions was approximately $6,335.00.

38.    From on or about September 1, 2025, through September 6, 2025, defendant ▮▮▮▮▮▮▮ and defendant **TELESCU** used stolen SNAP benefits from no less than three separate Colorado victim accounts in Oregon retail stores, totaling approximately $3,273 in stolen SNAP benefits.

39.    From on or about September 3, 2025, through September 8, 2025, defendant **MIHAI** used no less than 12 separate Oregon and Colorado EBT accounts at retail stores in Oregon to steal approximately $5,459 in SNAP funds.

40.    From on or about September 3, 2025, through September 4, 2025, defendant **PEROVICI** used stolen SNAP benefits from six separate Oregon recipient victim accounts at retail stores in Oregon and Washington. The amount of SNAP benefits stolen was approximately $3,262.

41.    On September 4, 2025, defendants ▮▮▮▮▮▮▮ and **MIHAI** traveled to a Fred Meyer store in Beaverton, Oregon. Defendant ▮▮▮▮▮▮▮ entered the store and used $503.76 in stolen EBT benefits to purchase infant formula. Approximately ten minutes later, defendant **MIHAI** entered the same store and used the same account to steal $566.99 in EBT benefits.

42.    From on or about September 5, 2025, through September 9, 2025, defendant ▮ ▮▮▮▮▮▮▮ and defendant **C. MANOLEA** used no less than 10 separate Colorado and Oregon EBT accounts in Oregon retail stores to steal approximately $8,739 in SNAP funds.

43.     On September 5, 2025, defendant **TELESCU** met with two unindicted co-conspirators at defendant ████████'s storage unit on Liberty Road in Salem, Oregon, where they loaded fraudulently obtained goods into a white rental truck for transport to California.

44.     On September 5, 2025, defendant ████████ met with two unindicted co-conspirators at his Lancaster Drive storage unit in Salem, Oregon, where they loaded fraudulently obtained goods into a white rental truck for transport to California.

45.     On September 10, 2025, defendants ████████ and **A. MANEOLA** met with two unindicted co-conspirators at the Lancaster Drive storage unit in Salem, Oregon, where they loaded fraudulently obtained goods into a white rental truck for transport to California.

46.     On or about September 20, 2025, defendant **PEROVICI** installed a skimming device at a retail store located at 13285 SW Pacific Highway, Tigard, Oregon

47.     On or about September 23, 2025, defendant ████████ and defendant **TELESCU** installed a skimming device at a retail store located at 13285 SW Pacific Highway, Tigard, Oregon.

48.     On or about October 9, 2025, defendant ████████ went to defendant ████████'s storage unit on Liberty Road in Salem Oregon. Shortly thereafter, the conspiracy abandoned the storage unit, leaving empty Winco, Safeway, and Albertsons shopping bags and cans of infant formula.

49.     On or about October 25, 2025, defendant **PEROVICI** possessed devices and equipment used to construct or modify credit card skimming devices including an MSR X6 card reader, a HM-11 computer chip, a multimeter tool, a soldering tool, gift cards, storage devices, and a laptop.

50.     All in violation of Title 18, United States Code, Sections 371, 1029(a)(2), 1029(a)(4), 1029(b)(1), and 1029(b)(2).

**Indictment**                                                                                          **Page 8**

### Counts 2 to 13
### Unauthorized Use of Access Devices
### (18 U.S.C. §§ 1029(a)(2) and 2)

51.     Paragraphs 1-50 of this Indictment are hereby incorporated by reference as if fully stated herein.

52.     On or about the following dates, within the District of Oregon, Eastern District of California, Western District of Washington, Eastern District of Washington, and elsewhere, defendants, as specified below, in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud, used unauthorized access devices, specifically stolen EBT account information and PINs as specified below, as defined in Title 18, United States Code, Section 1029(e), and by such conduct, during the approximate time periods specified below, obtained things of value, their value together totaling $1,000 or more:

| Count | Defendant | Date Range | Approximate Number of Transactions | Amount |
|-------|-----------|------------|------------------------------------|--------|
| 2 | A. TELESCU | 07/11/25 to 10/28/25 | 226 | $88,188 |
| 3 | ▮▮▮▮▮ | 09/01/25 to 09/6/25 | 8 | $3,273 |
| 4 | A. PEROVICI | 08/01/25 to 09/4/25 | 8 | $10,721 |
| 5 | ▮▮▮▮▮ | 09/01/25 to 9/27/25 | 47 | $12,731 |
| 6 | A. MANOLEA | 09/05/25 to 9/8/25 | 10 | $2,337 |
| 7 | ▮▮▮▮▮ | 09/01/25 to 9/4/25 | 13 | $4,550 |
| 8 | ▮▮▮▮▮ | 09/01/25 to 9/4/25 | 16 | $5,264 |
| 9 | | 09/01/25 to 9/4/25 | 6 | $2,037 |
| 10 | V. MIHAI | 09/03/25 to 9/8/25 | 14 | $5,459 |
| 11 | C. MANOLEA | 09/05/25 to 9/9/25 | 24 | $6,402 |
| 12 | M. D. BACELAN | 07/4/25 to 10/28/25 | 280 | $97,394 |
| 13 | ▮▮▮▮▮ | 07/01/25 | 57 | $26,348 |

All in violation of Title 18, United States Code, Sections and 1029(a)(2) and 2.

///

///

///

Indictment                                                                                          Page 9

## Counts 14-19
### Possession, Production, and Trafficking of Device-Making Equipment
### (18 U.S.C. §§ 1029(a)(4) and 2)

53.    Paragraphs 1-52 of this Indictment are hereby incorporated by reference as if fully stated herein.

54.    During the dates described below, in the District of Oregon and elsewhere, in transactions affecting interstate and foreign commerce, the defendants identified below knowingly and with intent to defraud possessed, produced, and trafficked in device-making equipment, that is, skimming devices, PIN-capture overlays, magnetic stripe readers/writers, and related hardware and software designed and primarily used for making counterfeit and unauthorized access devices, and specifically cloned EBT cards encoded with stolen EBT account numbers and PINs of SNAP and TANF beneficiaries, all as defined in Title 18, United States Code, Section 1029.

55.    Each of the following subparagraphs constitutes a separate count.

56.    **Count 14** —On or about August 11, 2025, in Portland, Oregon, defendants **A. PEROVICI** and ▮▮▮▮▮▮▮, knowingly and with intent to defraud possessed and used device-making equipment, namely a covert point-of-sale keypad overlay skimmer designed to fit over a merchant payment terminal and to capture EBT card account data and customers' PINs, which was designed and primarily used for making counterfeit and unauthorized access devices, and did so in a manner affecting interstate and foreign commerce.

57.    **Count 15** — On or about August 11, 2025, in Tigard, Oregon, defendant **A. PEROVICI** knowingly and with intent to defraud trafficked in device-making equipment, namely a covert point-of-sale keypad overlay skimmer designed to fit over a merchant payment terminal and to capture EBT card account data and customers' PINs, which was designed and primarily

**Indictment**                                                                                          **Page 10**

used for making counterfeit and unauthorized access devices, and did so in a manner affecting interstate and foreign commerce.

58.    **Count 16** — On or about August 14, 2025, in Lake Oswego, Oregon, defendant **A. PEROVICI** knowingly and with intent to defraud possessed and produced device-making equipment, namely a covert point-of-sale keypad overlay skimmer designed to fit over a merchant payment terminal and to capture EBT card account data and customers' PINs, which was designed and primarily used for making counterfeit and unauthorized access devices, and did so in a manner affecting interstate and foreign commerce.

59.    **Count 17** — On or about August 14, 2025, in Salem, Oregon, defendants **A. PEROVICI** and ▮▮▮▮▮▮▮▮ knowingly and with intent to defraud possessed and produced device-making equipment, namely a covert point-of-sale keypad overlay skimmer designed to fit over a merchant payment terminal and to capture EBT card account data and customers' PINs, which was designed and primarily used for making counterfeit and unauthorized access devices, and did so in a manner affecting interstate and foreign commerce.

60.    **Count 18** — On or about September 20, 2025, in Tigard, Oregon, defendant **A. PEROVICI** knowingly and with intent to defraud possessed and produced device-making equipment, namely a covert point-of-sale keypad overlay skimmer designed to fit over a merchant payment terminal and to capture EBT card account data and customers' PINs, which was designed and primarily used for making counterfeit and unauthorized access devices, and did so in a manner affecting interstate and foreign commerce.

61.    **Count 19** — On or about September 23, 2025, in Tigard, Oregon, defendants **A. PEROVICI** and **A. TELESCU** knowingly and with intent to defraud possessed and produced device-making equipment, namely a covert point-of-sale keypad overlay skimmer designed to fit

over a merchant payment terminal and to capture EBT card account data and customers' PINs, which was designed and primarily used for making counterfeit and unauthorized access devices, and did so in a manner affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(4) and 2.

### Counts 20-26
### Aggravated Identity Theft
### (18 U.S.C. § 1028A)

62.     Paragraphs 1-61 of this Indictment are hereby incorporated by reference as if fully stated herein.

63.     On or about the dates described below, in the District of Oregon and elsewhere, the defendants identified below did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, including the Electronic Benefit Transfer ("EBT") account numbers and associated personal identification numbers ("PINs") assigned to specific SNAP and TANF beneficiaries.

64.     At the time of each offense, each defendant knew that the EBT account and PIN information belonged to another actual person, and each defendant used or possessed that identifying information during and in relation to, and in order to facilitate, a felony violation of Title 18, United States Code, Section 1029(a)(2), as identified for each in Counts 2-13, and as further identified for each defendant herein.

//

//

//

//

**Indictment**                                                                                    **Page 12**

65.    Each row below constitutes a separate count of aggravated identity theft in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

| Count | Defendant | Date | Victim/Means of Identification Used | Predicate Felony Count | Transaction Location |
|-------|-----------|------|-------------------------------------|------------------------|----------------------|
| 20 | A. TELESCU | 9/1/2025 | EBT acct. ending 4334 | Count 2 | 4575 Commercial St SE, Salem, Oregon |
| 21 | ██████████ | 9/6/2025 | EBT acct. ending 3237 | Count 3 | 9055 SW Murray Blvd, Beaverton, Oregon |
| 22 | A. PEROVICI | 9/4/2025 | EBT acct. ending 8459 | Count 4 | 3025 SW Cedar Hills Blvd, Beaverton, Oregon |
| 23 | ██████████ | 9/8/2025 | EBT acct. ending 1662 | Count 5 | 7355 NE Imbrie Dr Hillsboro, Oregon |
| 24 | A. MANOLEA | 9/8/2025 | EBT acct. ending 8524 | Count 6 | 2855 Broadway St NE, Salem, Oregon |
| 25 | ██████████ | 9/2/2025 | EBT acct. ending 3297 | Count 8 | 7979 SE Powell Blvd, Portland, Oregon |
| 26 | ██████████ | 7/1/2025 | EBT acct. ending 9876 | Count 13 | 1320 E McAndrews Rd, Medford, Oregon |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Count 1 (Conspiracy) of this Indictment, defendants **ALEXANDRU TELESCU,** ██████████████████, **ANDY ROBERT PEROVICI,** ██████████████████, **ARAMIS MANOLEA,** ██████████████, ████████, ████████, ██████████████████, **VASILICA MIHAI, CRISTINA MANOLEA, MARIA DENISA BACELAN, and** ████████████ shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a sum

**Indictment**                                                                                     **Page 13**

of money equal to the amount of proceeds obtained as a result of the offense in the form of a money judgment.

## SECOND FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 2 to 26 (Unauthorized Use of Access Devices; Possession, Production, and Trafficking of Device-Making Equipment; and Aggravated Identity Theft) of this Indictment, defendants **ALEXANDRU TELESCU,** ███████████████, **ANDY ROBERT PEROVICI,** ███████████████, **ARAMIS MANOLEA,** ███████████, ████████████, ██████████████, **VASILICA MIHAI, CRISTINA MANOLEA, MARIA DENISA BACELAN, and** ██████████████, shall forfeit to the United States, pursuant to 18 U.S.C. § 1029(c), any personal property used or intended to be used to commit the offense, and, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of the offense, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense in the form of a money judgment. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be divided without difficulty;

///

///

**Indictment**                                                                                     **Page 14**

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendants up to the value of the forfeitable property described in these forfeiture allegations.

Dated: November 12 2025.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

SCOTT E. BRADFORD
United States Attorney
District of Oregon

_____
GEOFF BARROW, DC #462662
NICHOLAS D. MEYERS, OSB # 222743
Assistant United States Attorneys